# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
UNITED STATES OF AMERICA,　　　　　　　　　　**FILED UNDER SEAL**

　　　- against -　　　　　　　　　　　　　　**ORDER**
　　　　　　　　　　　　　　　　　　　　　　　13-CR-439 (MKB)
TIM LEISSNER,

　　　　　　　Defendant.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

　　On August 28, 2018, the government filed a sealed Information against Defendant Tim Leissner, charging him with one count of conspiracy to violate the Foreign Corrupt Practices Act in violation of 15 U.S.C. § 78dd-1 *et seq.*, and one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956 *et seq*. (Information, Docket Entry No. 16.) On August 28, 2018, Defendant pleaded guilty to both counts in a closed courtroom. On November 5, 2018, the New York Times (the "Times") filed a motion to unseal the transcript of Defendant's plea hearing. (Letter dated Nov. 5, 2018, Docket Entry No. 24.) On November 7, 2018, the parties filed a letter consenting in part to unsealing the transcript but requesting redaction of certain portions. (Letter dated Nov. 7, 2018, Docket Entry No. 26.) The parties also request that the Court file the November 7, 2018 letter under seal. (*Id.* at 3.) For the reasons discussed below, the Court grants the applications.

**I.　Background**

　　The charges in the Information stem from Defendant's participation in a criminal scheme to bribe foreign officials and to misappropriate billions of dollars from the Malaysian sovereign wealth fund 1Malaysia Development Berhad ("1MDB"). (Information 6–10.) According to the Information, Defendant was employed by U.S. Financial Institution #1 as the lead banker

handling the 1MDB account. (*Id.* at 6.) The charges principally relate to three bond offering transactions for 1MDB in 2012 and 2013. (*Id.* at 7.) Although the purpose of the approximately $6.5 billion raised by the offerings was ostensibly to support 1MDB projects that benefitted the Malaysian people, Defendant and his co-conspirators diverted a substantial portion of those funds and distributed them to themselves, their associates, and foreign officials. (*Id.* at 7.)



By letter dated November 5, 2018, the Times moved to unseal the transcript of Defendant's guilty plea hearing. (Letter dated Nov. 5, 2018.) The Times "assume[s] that the plea session was secret to avoid tipping off others that a criminal investigation involving Defendant was ongoing," and argues that there is "nothing that would counsel in favor of continued secrecy" and that "[t]he high degree of public interest in this prosecution [ ] bolsters the case for access to the transcript." (*Id.* at 3.)

On November 7, 2018, the government and Defendant filed a joint letter in response. (Letter dated Nov. 7, 2018.)

2

## II. Discussion

The Second Circuit has held that "the qualified first amendment right of access extends to plea hearings and thus to documents filed in connection with those hearings." *United States v. Haller*, 837 F.2d 84, 87 (2d Cir. 1988). Such access "serves to allow public scrutiny of the conduct of courts and prosecutors." *Id.* However, the first amendment right of access is not absolute. *United States v. Doe*, 63 F.3d 121, 127 (2d Cir. 1995). Instead, it may "give way" to other rights or interests. *Id.* (quoting *Waller v. Georgia*, 467 U.S. 39, 44 (1984)).

To determine whether other rights or interests outweigh the right of access in a given case, district courts in this Circuit are instructed to conduct a four-part inquiry. *Id.* The district court must: (1) determine whether there is "a substantial probability of prejudice to a compelling interest of the defendant, government, or third party"; (2) if such a probability is found, "consider whether reasonable alternatives to closure can adequately protect the compelling interest"; (3) if no reasonable alternative exists, "determine whether, under the circumstances of the case, the prejudice to the compelling interest overrides the qualified First Amendment right of access"; and (4) if closure is warranted, "devise a closure order that, while not necessarily the least restrictive means available to protect the endangered interest, is narrowly tailored to that purpose." *Id.* at 128 (internal quotation marks, alterations, and citations omitted).

If the district court finds that closure is appropriate, it must make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 127 (quoting *Press Enter. Co. v. Superior Court of Ca. for Riverside Cty.*, 478 U.S. 1, 13 (1986)) (internal quotation marks omitted). If the articulation of such findings would itself reveal sensitive information, "the basis for closure may be set forth in a sealed portion of the record." *Haller*, 837 F.2d at 88 (quoting *In re The Herald Co.*, 734 F.2d

93, 100 (2d Cir. 1984)).

███████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████

████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████

4

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████

     ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████

     ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████████████████████

     ███████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████████████████████████████████████

5

### III. Conclusion

For the foregoing reasons, the Court grants the parties' applications and files the letter and this Order under seal.

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: November 8, 2018
       Brooklyn, New York

6