BDM:TRP
F. #2016R0467

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | AMENDED <u>PRELIMINARY ORDER OF FORFEITURE</u> |
| - against - | |
| TIM LEISSNER, | 18-CR-439 (MKB) |
| Defendant. | |

- - - - - - - - - - - - - - - - X

WHEREAS, on or about August 28, 2018, Tim Leissner (the "defendant"), entered a plea of guilty to the offenses charged in Counts One and Two of the above-captioned Information, charging violations of 18 U.S.C. §§ 371 and 1956(h);

WHEREAS, on or about November 1, 2018, on consent of the defendant, this Court entered a Preliminary Order of Forfeiture (the "Preliminary Order") against the defendant pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1) and 28 U.S.C. § 2461(c), which directed the entry of a forfeiture money judgment in the amount of forty-three million seven hundred thousand dollars and zero cents ($43,700,000.00) (the "Forfeiture Money Judgment"), as: (a) property, real or personal, involved in the defendant's violation of 18 U.S.C. § 1956(h), or property traceable to such property; (b) property, real or personal, constituting or derived from proceeds treacable to the defendant's violation of 18 U.S.C. § 371; and/or (c) substitute assets, pursuant to 21 U.S.C. § 853(p) and 18 U.S.C. § 982(b)(1);

WHEREAS, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c), the defendant has consented to the forfeiture of all right, title, and interest

in 3,325,942.00 shares of stock in Celsius Holdings, Inc. held in J.P. Morgan Chase Bank brokerage account number ending in "7002" in the name of Kimora Lee Simmons (the "Celsius Shares"), as: (a) property, real or personal, involved in the violation of 18 U.S.C. § 1956(h), or property traceable to such property; and (b) property, real or personal, constituting or derived from proceeds traceable to a violation of 18 U.S.C. § 371; and

WHEREAS, the defendant and the United States move this Court to amend the Preliminary Order to include the forfeiture of the Celsius Shares.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1. Pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 982(b)(1), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), the defendant shall forfeit the full amount of the Forfeiture Money Judgment to the United States.

2. Pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 982(b)(1), and 28 U.S.C. § 2461(c), the defendant shall forfeit to the United States all right, title, and interest in the Celsius Shares. Upon final forfeiture of the Celsius Shares to the United States, the net value thereof at the time the shares are liquidated by the government shall be credited towards the Forfeiture Money Judgment. The value of any Celsius Shares remaining after the Forfeiture Money Judgment is satisfied shall be forfeited to the United States.

3. All payments made towards the Forfeiture Money Judgment shall be made by a money order, or certified and/or official bank check, payable to "U.S. Marshals Service" with the criminal docket number noted on the face of the instrument. The defendant shall cause said payment(s) to be sent by overnight mail delivery to Assistant United States

Attorney Tanisha R. Payne, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201.  The Forfeiture Money Judgment shall be paid in full on the date of defendant's sentencing (the "Due Date").

        4.        Upon entry of this Amended Preliminary Order, the United States Attorney General or his designee is authorized to seize the Celsius Shares, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third-party rights, including giving notice of this Amended Preliminary Order.

        5.        The United States shall publish notice of this Amended Preliminary Order in accordance with the custom and practice in this district on the government website [www.forfeiture.gov](www.forfeiture.gov), of its intent to dispose of the Celsius Shares in such a manner as the Attorney General or his designee may direct.  The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Celsius Shares as a substitute for published notice as to those persons so notified.

        6.        Any person, other than the defendant, asserting a legal interest in the Celsius Shares may, within thirty (30) days of the final publication of notice or receipt of notice or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Celsius Shares, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).  Any petition filed in response to the notice of forfeiture of the Celsius Shares must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of

Case 1:18-cr-00439-MKB   Document 64-1   Filed 08/17/22   Page 4 of 6 PageID #: 542

the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

7. The defendant shall not file or interpose any claim or petition seeking remission or contesting the forfeiture of the Celsius Shares or any property against which the United States seeks to enforce the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding. The defendant shall fully assist the government in effectuating the surrender and forfeiture of the Celsius Shares and the payment of the Forfeiture Money Judgment to the United States. The defendant shall take whatever steps are necessary to ensure that clear title to the Celsius Shares passes to the United States, including, but not limited to, the execution of any and all documents necessary to effectuate the surrender and forfeiture of the Celsius Shares to the United States. Further, if any third party files a claim to the Celsius Shares, the defendant will assist the government in defending such claims. If the Celsius Shares or Forfeiture Money Judgment, or any portion thereof, are not forfeited to the United States, the United States may seek to enforce this Amended Preliminary Order against any other assets of the defendant up to the value of the Celsius Shares, and the outstanding balance of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p). The defendant further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met.

8. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information or administrative notice. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and

*United States v. Tim Leissner*
18-CR-439 (MKB)   Amended Preliminary Order of Forfeiture   Page 4

equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the *Ex Post Facto* clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

9. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Amended Preliminary Order shall become final as to the defendant at the time of the defendant's sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Amended Preliminary Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the monies and/or properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

10. The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction. The United States alone shall hold title to the Celsius Shares following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

11. The forfeiture of the Celsius Shares and entry and payment of the Forfeiture Money Judgment shall not be considered a payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.

12. This Amended Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

13. This Amended Preliminary Order shall be binding only upon the Court's "so ordering" of the order.

14. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Amended Preliminary Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

15. The Clerk of the Court is directed to send, by inter-office mail, four (4) certified copies of this executed Order to the United States Attorney's Office, Eastern District of New York, Attn: ProMinds Paralegal Yvette Ramos, 271-A Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
_____, 2022

SO ORDERED:

_____
HONORABLE MARGO K. BRODIE
CHIEF UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK