

*Ilana Haramati*
*Partner*
Direct (646) 860-3130
Fax (212) 655-3535
ih@msf-law.com

May 23, 2025

**VIA ECF**

Hon. Margo K. Brodie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Courtroom 6N
Brooklyn, New York 11201

Re:     *United States v. Tim Leissner*, No. 18-cr-439 (MKB)

Dear Judge Brodie:

We represent defendant Tim Leissner in the above-referenced matter. We write to respectfully object to the restitution request filed by Xavier Justo. *See* Justo Restitution Lrt., ECF Doc. 91, at 7-9. Because the harms Mr. Justo alleges were not caused—either directly or indirectly—by Mr. Leissner's crimes of conviction, Mr. Justo is not entitled to restitution.

**A.     Factual Background: The Conduct Encompassed In Mr. Leissner's Plea Did Not Cause Mr. Justo's Claimed Harms**

On August 28, 2018, Mr. Leissner pled guilty to one count of conspiracy to violate the Foreign Corrupt Practices Act, and one count of money laundering conspiracy. *See* ECF Docs. 16, 47. Mr. Leissner's crimes of conviction both stemmed from his role in the "bribery and money laundering scheme related to the 1MDB Bond Transactions" in 2012 and 2013, and the subsequent use of the proceeds through 2014. Gov. Sentencing Mem, ECF Doc. 90, at 4; *accord* Plea Tr., ECF Doc. 47-1, at 36-41.

Justo's claimed harms are far attenuated from Mr. Leissner's financial crimes. Justo asserts that because of his efforts to expose the 1MDB bribery scheme to the press, in 2015 and 2016 he faced 18 months of imprisonment in Thailand at the behest of the Malaysian Prime Minister Najib Razak, who was implicated in the IMDB scheme. *See* Justo Restitution Ltr., ECF Doc. 91, at 7-9. Justo asserts that during his period of incarceration in Thailand, Malaysian authorities informed him that "Prime Minister Razak was controlling Mr. Justo's fate." *Id.* at 8.

Even crediting that Mr. Justo suffered real tangible harms, however, they are not the result of Mr. Leissner's crime of conviction, and thus cannot warrant restitution here.

Hon. Margo K. Brodie
May 23, 2025
Page 2 of 4

---

**B.    The MVRA Contemplates Restitution *Only* For "Victims" Who Are "Directly And Proximately Harmed" By A Defendant's Offense Of Conviction**

The Mandatory Victims Restitution Act ("MVRA") provides that "the court shall order . . . that the defendant make restitution to the victim of the offense."  18 U.S. Code § 3663A(a)(1).

The MVRA defines who is a "victim" qualifying for restitution as follows:

> For the purposes of this section, the term "victim" means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern.

18 U.S. Code § 3663A(a)(2).

The Second Circuit has held clearly that restitution is limited to a "victim" of the defendant's ***crime of conviction***, explaining:

> Although the definition of victim is certainly broad, in determining whether one qualifies as a victim, *a sentencing court can only consider the offense or offenses for which the defendant was convicted*.  Thus, restitution may be ordered "only for the loss caused by the specific conduct that is the basis of the offense of conviction." "[T]he loss caused by the conduct underlying the offense of conviction establishes the outer limits of a restitution order."

*United States v. Battista*, 575 F.3d 226, 231 (2d Cir. 2009) (quoting *Hughey v. United States*, 495 U.S. 411, 413 (1990); additional quotation marks and citations omitted; emphasis added).  Harms caused by conduct that is far afield of a defendant's crime of conviction are not contemplated by the MVRA.  *See In re Local # 46 Metallic Lathers Union*, 568 F.3d 81, 86–87 (2d Cir. 2009) ("While the language expands what it is that will give rise to a compensable loss when a scheme, conspiracy or pattern is involved, the reference point to which such conspiracy is tied remains the offense of which the defendant has been convicted.  That is, the scheme, conspiracy, or pattern of criminal activity must be an element of that offense in order for the conduct in the course of the scheme or conspiracy to be considered as a basis for determining compensable harm.") (quotation marks and citations omitted).

**C.    As Defined by the MVRA, Mr. Leissner's Conduct of Conviction Did Not Cause Mr. Justo's Claimed Harms**

The Second Circuit's unambiguous holding limiting restitution to losses caused by a defendant's offense of conviction forecloses Mr. Justo's restitution claim as to Mr. Leissner.  Mr. Leissner's crimes of conviction were FCPA and money laundering.  Those crimes caused loss to real victims, including the Malaysian people, who, per the government, have been repaid in excess.  *See* Leissner Sentencing Mem., ECF Doc. 87, at 5-6.

But Mr. Leissner was never convicted—or indeed accused—of participating in a retaliatory scheme to imprison Mr. Justo or anyone else. Tellingly, Mr. Justo's lengthy motion is wholly devoid of direct allegations against Mr. Leissner. There are no assertions of *how* Mr. Leissner's convicted conduct *caused* Mr. Justo's claimed harms; such factual connections are wholly absent from the restitution request.[1] *See generally* Justo Restitution Ltr., ECF Doc. 91, at 7-9.

Indeed, the timing of Mr. Justo's claimed harms likewise undercuts any concrete causal connection to Mr. Leissner's convictions. While Justo focuses on conduct in 2015 and 2016, Mr. Leissner's conduct underlying his conviction ended in 2014. *Compare* Justo Restitution Ltr., ECF Doc. 91, at 7-9 *with* Information, ECF Doc. 16, ¶¶ 47, 50. That too undermines Justo's request. As the court in *United States v. Morrison* explained in rejecting a restitution application "for conduct that occurred outside the time frame of the conspiracy as alleged in the indictment":

> Given that both the legislative history behind the enactment of the MVRA and recent Second Circuit case law indicate that the boundaries of restitution are to be circumscribed by the ***conduct underlying the offense of conviction***, it logically follows that these limits include the specific temporal scope of the criminal conduct as outlined in the indictment.

*United States v. Morrison*, 685 F. Supp. 2d 339, 348 (E.D.N.Y. 2010) (emphasis added).

Because the MVRA and Second Circuit precedent are clear that restitution under the MVRA is limited to "loss . . . caused by the specific conduct that is the basis of the offense of conviction," Mr. Leissner is not liable for restitution to Mr. Justo.[2] *United States v. Oladimeji*, 463 F.3d 152, 158–59 (2d Cir.2006) (restitution under the MVRA is based on whether the "loss [is] caused by the specific conduct that is the basis of the offense of conviction"); *accord United States v. Raniere*, No. 18-CR-204 (NGG), 2021 WL 9696824, at *13 (E.D.N.Y. May 28, 2021) (denying restitution for harms that were "outside the scope of the specific crimes of conviction," as "such harms are not compensable under the MVRA.").

---

[1] Whether or not any of Mr. Leissner's co-conspirators in the 1MDB financial crimes engaged in further retaliatory crimes is irrelevant to this Court's determination that Mr. Leissner cannot be required to pay Mr. Justo restitution under the MVRA.

[2] The cases cited by Mr. Justo only support this conclusion. *See* Justo Restitution Ltr., ECF Doc. 91, at 10. For example, *United States v. Paul*, 634 F.3d 668, 677 (2d Cir. 2011), affirmed a restitution award only where the defendant's crime of conviction of securities fraud caused the harm to the victim lenders because "[t]he brokerage houses would not have made the loans to Paul had they known that the collateral for the loans was the stock he manipulated through the nominee accounts." In *United States v. Boyd*, 222 F.3d 47, 51 (2d Cir. 2000), restitution was ordered where the victim's harm was "subsume[d]" by the defendant's crime of conviction. Moreover, the holding in *United States v. Goodrich*, that responsibility for "losses flowing from the reasonably foreseeable actions of that defendant's co-conspirators," is inapposite. *United States v. Goodrich*, 12 F.4th 219, 228 (2d Cir. 2021) (quotation marks and citations omitted). There are no allegations that Mr. Leissner was involved in the harms that Justo suffered, or that they were otherwise foreseeable to him.

Hon. Margo K. Brodie
May 23, 2025
Page 4 of 4

Accordingly, defendant Tim Leissner respectfully requests that the Court deny Xavier Justo's restitution request.

Respectfully submitted,

_____/s/ IH_____
Henry E. Mazurek
Ilana Haramati
Jason I. Ser

*Counsel for Defendant Tim Leissner*

cc:   Counsel of Record (*via ECF*)

125 Park Avenue, 7th Floor, New York, NY 10017  |  Phone (212) 655-3500  |  Fax (212) 655-3535  |  meisterseelig.com